## No. 10,436.

### The State ex rel. V., S. and P. R. R. Co. vs. W. L. Emory, Justice of the Peace.

Act 7 of 1888, giving justices of the peace jurisdiction in cases of trespass, where the same occurred is not a local or special law but general in its character, applying to all magistrate's courts throughout the State and to all corporations.

APPLICATION for Prohibition.

---

*F. L. Stubbs,* for the Relator.

---

The opinion of the Court was delivered by

McEnery, J. Relator, a corporation domiciled in the Parish of Ouachita, having been sued before the respondent, justice of the peace

for ward four, Parish of Lincoln, excepted to the jurisdiction of the magistrate's court, which exception was overruled and judgment by default rendered against relator.

The relator seeks relief in this application for a writ of prohibition. The claim of the respondent justice to jurisdiction rests upon Act No. 7 of 1888, which is "an act to amend and re-enact Article 1069 of the Code of Practice, and is as follows: That Article 1069 of the Code of Practice be amended and re-enacted so as to read as follows: In civil cases within their competence, justices of the peace can only cite before them such persons as are domiciliated or residing within the limits of their jurisdiction, or strangers who may chance to be there; and in all cases where any corporation shall commit trespass or do anything for which an action of damages lies, it shall be liable to be sued in the ward where such damage is done or trespass committed."

Relator alleges that said "act is violative of Art. 46 of the Constitution of the State, as by a special law it assumes to regulate the jurisdiction of magistrates' courts with reference to a certain class of defendants only," and therefore Art. 1070, C. P., is still in force and regulates the jurisdiction of magistrates' courts.

Art. 46 of the Constitution says that "the General Assembly shall not pass any local or special law on the following specified objects:" Among the prohibited objects of legislation is "regulating the practice or jurisdiction of any court."

The meaning of said article is plain and unambiguous. The evident intention is that the General Assembly shall enact no local or special law to regulate in any particular locality the jurisdiction or practice of any court in any particular and designated locality, so as to exempt it from the general jurisprudence and practice of the court throughout the State. The act in question is general in its character as its application is to all justices' courts throughout the State. It applies to no particular corporation, but to all corporations that may commit trespass—railroads, stage, steamboat, electric light and all other corporations. No particular corporation is designated in the act.

Act No. 7 of 1888 is neither local nor special, and therefore does not violate Articles 46 and 47 of the Constitution of 1879. The respondent justice had jurisdiction of the cause. It is, therefore, ordered that the writ of prohibition prayed for by relator be denied and the rule discharged at relator's cost.